```
              IN THE UNITED STATES DISTRICT COURT FOR
            THE DISTRICT OF MARYLAND, NORTHERN DIVISION

                                  *
JOSE NELSON MORALES
                                  *
     Petitioner,
                                  *
v.                                          CIVIL NO.: WDQ-06-2986
                                  *
UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES              *

     Respondent.                  *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION

Jose Nelson Morales appeals the denial of his application for naturalization as a citizen of the United States by the United States Citizenship and Immigration Services (the "CIS"). Pending is the CIS's motion to dismiss or, in the alternative, for summary judgment. For the reasons stated below, the motion will be denied.

I. Background

Morales has resided continuously in the United States since March 1986. Pet. 2.

On March 8, 1989, Morales was convicted in the General District Court of Falls Church, Virginia, of petit larceny and carrying a concealed weapon, Class 1 misdemeanors in violation

1

of sections 18.2-96(2) and 18.2-308 of the 1989 Virginia criminal code.  *Id*. at 2; Resp't's Mot. Ex. 1 at 83 (Morales's Virginia criminal record).

On March 10, 1995, Morales applied for admission as a permanent resident, and was approved on September 7, 1995.  *Id.* Ex. 1 at 108-113 (Morales's 1995 Application to Register Permanent Residence, or Adjust Status, "Form I-485").

On November 4, 2003, Morales filed an Application for Naturalization ("Form N-400").  Pet. 6; Resp't's Mot. Ex. 1 at 57-66.

On January 27, 2006, the CIS denied Morales's Form N-400 based on its finding that, at the time Morales was granted permanent-resident status, he was inadmissible to the United States and thus ineligible for naturalization.  Pet. 6; Resp't's Mem. in Supp. of Resp't's Mot. 3.  Morales requested a new hearing the same day, and on July 20, 2006, the CIS reaffirmed its adverse determination.  Pet. 7.

On November 11, 2006, Morales filed his petition with this Court to review the CIS's denial and approve his naturalization application.

II.  Discussion

II.A.  Standard of Review

II.A.1.  Summary Judgment

As the Court considers matters outside of the pleadings, and has provided the parties a reasonable opportunity to present all pertinent material, it will treat the CIS's motion as one for summary judgment, to be disposed of under Federal Rule of Civil Procedure ("Rule") 56.  Fed. R. Civ. P. 12(b).

Under Rule 56(c), summary judgment is appropriate when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).  Only "facts that might affect the outcome of the suit under the governing law" are material.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Id.*

In considering a motion for summary judgment, "the judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  *Id.* at 249.  Thus, "the judge must ask . . . whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented."  *Id.* at 252.  The

court must also view any inferences drawn from the underlying facts "in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

A party "must present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Anderson,* 477 U.S. at 257. The mere existence of a "scintilla" of evidence is insufficient. *Id*. at 252. If the nonmoving party fails to show an essential element of his case on which he will bear the burden of proof at trial, all other facts are rendered immaterial, and the moving party is entitled to a judgment as a matter of law. *Celotex*, 477 U.S. 317, 323; Fed. R. Civ. P. 56(e).

II.A.2.  Court Review of Naturalization Applications

"The Congress shall have Power . . . To establish an uniform Rule of Naturalization . . ." U.S. Const. art I, § 8, cl. 4. The task of the courts is to ensure "strict compliance with all the congressionally imposed prerequisites to the acquisition of citizenship . . . to safeguard the integrity of this 'priceless treasure.'" *Fedorenko v. United States*, 448 U.S. 490, 506-07 (1981) (*quoting Johnson v. Eisentrager*, 339 U.S. 763, 791 (1950) (Black, J., dissenting)).

Title 8 U.S.C. § 1421(c) provides the district court with legal and factual *de novo* review of denied naturalization applications:

> A person whose application for naturalization under this subchapter is denied, after a hearing before an immigration officer under section 1447(a) of this Title, may seek review of such denial before the United States district court for the district in which such person resides in accordance with chapter 7 of Title 5.  Such review shall be de novo, and the court shall make its own findings of fact and conclusions of law and shall, at the request of the petitioner, conduct a hearing de novo on the application.

8 U.S.C. § 1421(c).  "[T]he burden is on the alien applicant to show his eligibility for citizenship in every respect," and "doubts should be resolved in favor of the United States and against the claimant."  *Berenyi v. District Director, Immigration and Naturalization Service,* 385 U.S. 630, 637 (1967) (internal quotation marks omitted); *see* also 8 U.S.C. § 1429; 8 C.F.R. § 316.2 ("applicant shall bear the burden of establishing by a preponderance of the evidence that he or she meets all of the requirements for naturalization, including that the applicant was lawfully admitted as a permanent resident").

II.B.  Analysis

Unless otherwise provided, "no person shall be naturalized unless he has been lawfully admitted to the United States for permanent residence."  8 U.S.C. § 1429.

5

The CIS argues that the denial of Morales's naturalization application was proper because Morales was never lawfully admitted to the United States.  The CIS contends that Morales was inadmissible when he applied for and was granted permanent resident status in 1995 because: (1) he had been convicted of a crime involving moral turpitude; and (2) he willfully misrepresented a material fact on his Form I-485 by failing to disclose his prior convictions.

II.B.1.  Crimes Involving Moral Turpitude

The CIS first argues that Morales was never legally admitted because his larceny conviction constituted a crime involving moral turpitude, which generally renders an alien ineligible for permanent residence under 8 U.S.C. § 1182(a)(2)(A).[1]

---

[1] Title 8 U.S.C. § 1182(a) provides in part:
   (a) Classes of aliens ineligible for visas or admission
   Except as otherwise provided in this chapter, aliens who are inadmissible under the following paragraphs are ineligible to receive visas and ineligible to be admitted to the United States:
   . . .
   (2) Criminal and related grounds
   (A) Conviction of certain crimes
   (i) In general
   Except as provided in clause (ii), any alien convicted of . . .
      (I) a crime involving moral turpitude (other than a purely

6

Section 1182(a)(2)(A)(ii)(II) provides an exception, however, if the crime for which the alien was convicted did not carry a maximum penalty exceeding imprisonment for one year, and the alien was not sentenced to a term of imprisonment exceeding six months.[2]

Theft crimes, such as larceny, are generally recognized as crimes involving moral turpitude under 8 U.S.C. § 1182.[3]  *See, e.g., Hashish v. Gonzales*, 442 F.3d 572, 576 (7th Cir. 2006), *reh'g en banc denied, cert. denied,* 127 S.Ct. 511 (2006) (misdemeanor theft); *Rashtabadi v. I.N.S.*, 23 F.3d 1562, 1568

---

    political offense) or an attempt or conspiracy to commit such a crime, . . .
    . . .
    is inadmissible.
8 U.S.C. § 1182(a).

[2] Section § 1182 a)(2)(A)(ii) provides in part:
    (ii) Exception
    Clause (i)(I) shall not apply to an alien who committed only one crime if--
    . . .
    (II) the maximum penalty possible for the crime of which the alien was convicted . . . did not exceed imprisonment for one year and, if the alien was convicted of such crime, the alien was not sentenced to a term of imprisonment in excess of 6 months . . .
8 U.S.C. § 1182(a)(2)(A)(ii)(II).

[3] The CIS does not contend that Morales's conviction for carrying a concealed weapon constitutes a crime involving moral turpitude, citing *Ex parte Saraceno*, 182 F. 955, 957 (C.C.S.D.N.Y. 1910).

(9th Cir. 1994) (grand theft); *Chiaramonte v. I.N.S.*, 626 F.2d 1093, 1097 (C.A.2, 1980) (theft).

Under the Virginia criminal code in 1989, the maximum punishment for a conviction of a Class 1 misdemeanor, such as petit larceny under § 18.2-96, was "confinement in jail for not more than twelve months." Va. Code Ann. § 18.2-11 (1989). Thus, to qualify for the exception under 8 U.S.C. 1182(a)(2)(A)(ii)(II), Morales must prove that his sentence for the larceny conviction did not exceed six months of imprisonment.

The CIS contends that, although Morales attests that he was only sentenced to six months of probation and 40 hours of community service, he has failed to prove that he qualifies for the exception because he has not produced any certified court records of his sentence. Resp't's Mot. Ex. 1 at 49 (Morales Aff.). But the CIS does not explain why Morales's testimony alone does not create a genuine issue of fact to survive its motion for summary judgment. Morales also attests that he has been unable to obtain the documents requested by the CIS because of the Virginia court's file-retention policy. *Id*. He proffers a letter from the Deputy Clerk of the Arlington County General District Court stating that, pursuant to Virginia Code § 16.1-69.55, all misdemeanor records are destroyed after ten years.

8

*Id.* at 36.

II.B.2.  Willful Misrepresentation

The CIS further argues that Morales was unlawfully granted permanent residence because he willfully misrepresented a material fact on his Form I-485 by not disclosing his prior convictions.

Title 8 U.S.C § 1183(a)(6)(C)(i) provides that "[a]ny alien who, by fraud or willfully misrepresenting a material fact, seeks to procure (or has sought to procure or has procured) a visa, other documentation, or admission into the United States or other benefit provided under this chapter is inadmissible." 8 U.S.C. § 1182 (emphasis added).

Whether an applicant's misrepresentation was material is a legal question.  *Kungys v. U.S.*, 485 U.S. 759, 772 (1988) (internal quotation marks omitted).  A misrepresentation of fact was material if it had a natural tendency to cause the CIS to conclude that the applicant was qualified.  *Id*.

In response to question 1 of part 3 of the Form I-485, which asked, in part:

> Have you ever, in or outside of the U.S.:
>     . . .
>     b. been arrested, cited, charged, indicted, fined, or
>     imprisoned for breaking or violating any law or
>     ordinance,

9

Morales checked the box for "No."  *Id*. Ex. 1 at 112.

The Court's materiality determination is dependent upon the factual issue of whether Morales's larceny conviction met the statutory exception for crimes involving moral turpitude. If the larceny conviction that he failed to disclose on his Form I-485 did not, in fact, qualify for the exception, then his failure to disclose the conviction was material, as it had a natural tendency to cause the CIS to conclude that he was qualified for admission when he was not.  If it is determined, however, that the larceny conviction meets the exception, then the misrepresentation was not material, as the crime's disclosure would not have affected the CIS's decision.

If the misrepresentation was material, then the trier of fact must determine whether it was made with the subjective intent of obtaining an immigration benefit.  *Id*. at 782.  But if Morales fails to convince the trier of fact that his sentence qualified for the exception, the necessary conclusion that his crime was one involving moral turpitude would alone justify the CIS's denial of his Form N-400.

III. Conclusion

As Morales demonstrates a genuine issue of material fact, the CIS's motion for summary judgment will be denied.

| | |
|---|---|
| _June 26, 2007_ | _____/s/_____ |
| Date | William D. Quarles, Jr. |
| | United States District Judge |